IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J Sports Productions, Inc. )<br> )<br>          Plaintiff, )<br> )<br>     v. )<br> )<br>Javier Davila and Jose Manuel )<br>Davila, individually and d/b/a )<br>El Forastero Mexican Food, )<br> )<br>          Defendants. )<br>_____ ) | 2:12-cv-02777-GEB-CKD<br><br>ORDER RE: SETTLEMENT AND<br>DISPOSITION |

Plaintiff filed a "Request for Judicial Notice of Settlement" on April 18, 2013, in which it states:

> the Parties . . . have settled all claims relative to the above-entitled action in their entirety, and Plaintiff respectfully requests this Court take judicial notice of same.
>
> Settlement documents, including a Stipulation of Dismissal, are being prepared and will be forwarded to Defendants['] counsel by Plaintiff's counsel, and Plaintiff's counsel anticipates the Stipulation of Dismissal will be filed with the Court, promptly.

(ECF No. 17, 1:19-24.)

Therefore, a dispositional document shall be filed no later than May 9, 2013. See E.D. Cal. R. 160(b) ("Upon [notice of settlement], the Court shall fix a date upon which the documents disposing of the action or motion must be filed, which date shall not be more than twenty-one (21) days from the date of said notification, absent good cause."). Failure to respond by this deadline may be construed as

consent to dismissal of this action without prejudice, and a dismissal order could be filed.  See id.

Further, the Status Conference scheduled for hearing on May 13, 2013, is continued to commence at 9:00 a.m. on June 10, 2013, in the event no dispositional document is filed, or if this action is not otherwise dismissed.[1] A joint status report shall be filed fourteen (14) days prior to the status conference.

Also, in light of the referenced settlement, Plaintiff's pending motion to strike affirmative defenses (ECF No. 11) is deemed withdrawn.

IT IS SO ORDERED.

Dated:  April 18, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

---

[1]    The status conference will remain on calendar, because the mere representation that a case has been settled does not justify vacating a scheduling proceeding.  Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987)(indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).